UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 09-16-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS C. ADAMS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Douglas Adams' motion to dismiss Counts One and Two of the Superseding Indictment. [Record No. 407]   Defendant Adams contends that the Superseding Indictment is defective because the allegations, even if true, would establish that multiple conspiracies existed, as opposed to the single conspiracy charged against eight defendants.  The United States has opposed the motion and Adams has now filed a reply. [Record Nos. 450, 482]

I.    **Relevant Facts**

Defendant Adams has been charged with engaging in a RICO conspiracy and money laundering activities.  The Superseding Indictment alleges, "Defendant Douglas C. Adams . . . was active in the political affairs of the county by, among other acts, supporting candidates for office and exerting influence over the selection of precinct workers in local elections . . ." [Record No. 272]   The Superseding Indictment also alleges that Defendant Adams "[was] considered [a] political boss[]" and "used [his] influence to appoint corrupt members to the [Clay

-1-

County] Board [of Elections] and cause its election officers to commit acts of extortion, mail fraud, and bribery."  In addition, the Superseding Indictment asserts that Defendant Adams, "recruited persons to run for county offices on a 'slate' . . ."

## II.    Analysis

Adams argues that the Superseding Indictment should be dismissed as to Counts One and Two because the Government is actually alleging multiple conspiracies, rather than a single RICO conspiracy and a single money laundering conspiracy.  He contends that throughout the alleged conspiracy members belonged to opposing political parties supported different candidates during each election, never supported the same "slate" of candidates, and, if there was a conspiracy, all eight defendants never share in the same conspiratorial objective.  Adams points to *Kotteakos v. U.S.*, 328 U.S. 750 (1946), which held that multiple defendants cannot be convicted of committing one conspiracy when the evidence showed that there were multiple, distinct conspiracies.  He asserts that, "if the Government's evidence is to be believed, a different conspiracy existed with respect to each election cycle because each conspiracy ended when its objective - the election of the 'slate' - was complete."

The United States argues that multiple conspiracies are not alleged and that each defendant participated in the racketeering enterprise which operated to control the political power structure within Clay County.  In fact, the government points out that the nature of the conspiracy required members to belong to opposing political parties to control precinct elections. If a defendant argues that multiple conspiracies existed, the United States asserts that according to the Sixth Circuit, such a question is a fact to be resolved by the jury under proper instruction.

-2-

*United States v. Segines*, 17 F.3d 847, 856 (6th Cir. 1994); *United States v. Grunsfeld*, 558 F.2d 1231, 1238 (6th Cir. 1994).  Further, the Sixth Circuit has held that "a single conspiracy is not transposed into a multiple one simply by lapse of time [or] change in membership . . ." *Segines*, 17 F.3d at 856 (quoting *United States v. Sanchez*, 928 F.2d 1450, 1456 (6th Cir. 1991)).

The facts presented do not demonstrate that the indictment is defective.  Whether one, two, or several conspiracies existed is a factual question for the jury to decide.  Defendant Adams may submit jury instructions on this issue for the Court's consideration.  However, an evidentiary hearing on this issue is not necessary.

**III.    Conclusion**

Defendant Adams has not identified any reason justifying dismissal of Counts One and Two at this time.  Accordingly, it is hereby

**ORDERED** that Defendant Douglas Adams' motion to dismiss [Record No. 407] is **DENIED**.

This 10th day of September, 2009.



Signed By:

*Danny C. Reeves*

United States District Judge