UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 09-16-S-DCR |
| ) | |
| V. ) | |
| ) | |
| DOUGLAS C. ADAMS and ) | **MEMORANDUM OPINION** |
| FREDDY THOMPSON, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the objections to United States Magistrate Judge Robert E. Wier's pre-trial ruling concerning the motions to exclude all out-of-court statements of co-Defendants or, in the alternative, severance filed by Defendants Freddy Thompson and Douglas Adams. [Record Nos. 516 and 518] Because the Magistrate Judge properly denied the Defendants' motions, the Court will overrule the Defendants' objections.

**I.**

Defendants are former Clay County officials. Through the Superseding Indictment filed July 9, 2009, Thompson and Adams were charged in Counts 1 and 2 with RICO and money-laundering conspiracies. Defendant Thompson was also charged with related offenses, including honest services mail fraud (Counts 3 and 5-7), obstruction of justice

(Count 9), and conspiracy to commit vote fraud (Counts 10 and 11). Counts 12 and 13 seek forfeiture based on the alleged RICO and money-laundering conspiracies. [Record No. 272]

Adams and Thompson filed separate motions to exclude certain evidence at trial and/or to have separate trials from the other Defendants. [Record Nos. 391, 408] Defendant Adams moved for a separate trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure or, in the alternative, severance of Counts 8 and 9 from the remaining counts of the Superseding Indictment. Defendant Thompson also moved to exclude all out-of-court statements made by his co-Defendants or, in the alternative, for a separate trial. On October 2, 2009, Magistrate Judge Wier denied both Defendants' motions [Record No. 504]. Defendants Adams and Thompson filed their objections to the Magistrate Judge's determination on October 12 and 14, 2009.[1] [Record Nos. 516 and 518]

## II.

Rule 14(a) of the Federal Rules of Criminal Procedure allows for severance if joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). However, "there is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). A defendant who moves to sever has the "heavy burden of showing specific and compelling prejudice." *United States*

---

[1] Pursuant to 28 U.S.C. § 636, a district court may designate a magistrate judge to decide any non-dispositive pretrial matter. *Banner v. City of Flint*, Nos. 01-1118, 01-1401, 02-1297, 2004 WL 771672 (6th Cir. Apr. 8, 2004); 28 U.S.C. § 636(b)(1)(A) (2009). A district court may reconsider a magistrate judge's decision on matters so designated and overturn it only if it is "clearly erroneous or contrary to law." *Id*. A motion to sever is a non-dispositive motion subject to a clearly erroneous review. *See United States v. Bruck*, 152 F.3d 40, 43 (1st Cir. 1998).

*v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). The fact that proof may be greater against a co-defendant is not a valid reason to sever. *Id.*; *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992). The Supreme Court has warned that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

### A. Co-Defendants' Confessions

Both Thompson and Adams argue that the trial should be severed due to the Confrontation Clause issues. They assert that the Confrontation Clause is violated by the admission of co-Defendants' confessions. However, the government contends that there are no such confessions made by a co-Defendant. The Magistrate correctly determined – and Defendants conceded – that because no co-Defendant confessions exists, this argument does not justify severance.

### B. Co-Conspirator Statements

Both Defendants have also argued for a separate trial because the admission of non-hearsay co-conspirator statements will violate the Confrontation Clause and will be prejudicial. At the time they made this argument, neither Defendant knew the nature or extent of the statements allegedly made by co-conspirators because the government was not required to disclose them. Magistrate Judge Wier correctly found that the admissibility of alleged co-conspirators statements depends on the government's proof under Rule 801(d)(2)(E) of the Federal Rules of Evidence and that a ruling on the admissibility of such

statements must be determined at trial. The Magistrate Judge further concluded that, if co-conspirator statements are admitted as non-hearsay, no Confrontation Clause issue will be presented. *See United States v. Warman*, No. 05-4416, 2009 WL 2497938, at *9 n.2 (6th Cir. Aug. 18, 2009) ("[O]ur precedent is clear that such statements [coconspirator statements per the rule] are not testimonial, and their admission does not violate the Confrontation Clause."); *Bourjaily v. United States*, 107 S. Ct. 2775, 2783 (1987) (establishing evidentiary framework but rejecting any "separate Confrontation Clause challenge to the admission of a co-conspirator's out-of-court statement"); *United States v. Stover*, 474 F.3d 904, 913 (6th Cir. 2007) (holding that Confrontation Clause challenge to co-conspirator statement admission "is squarely foreclosed" by Sixth Circuit precedent).

Defendant Adams notes that the admissibility of alleged co-conspirator statements under Rule 801(d)(2)(E) may be determined at trial. However, he argues that waiting for such a determination at trial will require lengthy and unnecessary delay. Adams further asserts that if this Court ultimately determines at trial that more than one conspiracy exists, but evidence is introduced that is not admissible against him, he would be extremely prejudiced. Defendant Thompson argues that the statements will not meet the requirements of the Rule 801(d)(2)(E) exclusion. Thus, both Defendants ask this Court to determine the admissibility of alleged co-conspirator statements and whether multiple conspiracies exist.

In Defendant Adams original motion for severance, he refers to alleged co-conspirator statements contained in audio recordings and "other statements made that have not yet been disclosed." [Record No. 408] However, he does not provide any specific information

regarding the other statements. Likewise, Defendant Thompson refers to the audio recordings, but does not identify any specific statements. And while it is difficult to address severance based upon unidentified statements, the Court's ruling does not depend on this failure of identification. As the Magistrate pointed out, the admissibility of non-hearsay statements cannot be resolved as part of the motion to sever because the admissibility of such statements will depend upon the government's proof as analyzed under Rule 801(d)(2)(E). *See United States v. Nighbert*, No. 3:08-21-DCR, 2009 WL 393773, at *2 (E.D. Ky. Feb. 13, 2009).

In summary, the admissibility of alleged co-conspirators statements will be made at the appropriate time during trial. The Magistrate correctly determined that this argument does not justify severance.

### C. Defendant Adams' Separate Arguments

Defendant Adams also contends that the counts concerning obstruction of justice (Counts 8 and 9) should be tried separately from the remaining counts because these charges relate to a "cover-up" of the alleged RICO conspiracy and not to the conspiracy itself. However, as the Magistrate Judge points out in his order – and as Defendant Adams concedes – the Superseding Indictment identifies the conduct of Counts 8 and 9 as RICO predicate acts. The Magistrate Judge further highlights that the charged RICO conspiracy ran from 2002 to July of 2007, ending just after the date of the behavior alleged in Count 9.

Magistrate Judge Wier correctly held that one indictment can properly charge a RICO conspiracy (with required predicate act proof and allegations) and substantive crimes

reflected by those predicate acts. *See, e.g., United States v. Irizarry*, 341 F.3d 273, 289 (3d Cir. 2003) (noting propriety of "joinder of RICO and non-RICO counts in one indictment where the offenses charged in the non-RICO counts are 'also charged as racketeering predicates in the RICO counts.'") (citation omitted); *see also United States v. Eufrasio,* 935 F.2d 553, 571 (3d Cir. 1991) (approving joinder of RICO and non-RICO predicate crimes over Rule 14(a) challenge and holding that "jury could reasonably be expected to confine its consideration" per instructions). Magistrate Judge Wier further concluded that, absent particularized prejudice, a defendant should not be permitted to pluck for individual trial the substantive crimes that otherwise properly fall within the field of a charged RICO conspiracy.

Adams argues that he will suffer prejudice and "not receive a fair trial [if Counts 8 and 9 are not severed] because the jury will quite possibly infer that he acted in a criminal manner due to the alleged obstruction perpetrated by [other] defendants." [Record No. 408-2, p. 7]. He also contends that "expect[ing] a jury to compartmentalize evidence regarding the obstruction counts, particularly considering the sheer volume of evidence expected to be introduced at trial, is unreasonable." *Id*. In response, the Magistrate correctly points to *United States v. DeCologero*, 530 F.3d 36 (1st Cir. 2008), which concluded that:

> [Codefendant] uneasiness is inherent in joint RICO trials, and the unsavoriness of one's codefendant (including past criminal conduct) is not enough, by itself, to mandate severance. . . . Defendants must still make a strong showing of prejudice to overturn the trial court's decision not to sever. . . . In the context of conspiracy, severance will rarely, if ever, be required due to [evidentiary] spillover.

*DeCologero*, 530 F.3d at 53-54 (citation omitted).  The Magistrate Judge correctly determined that Adams has not demonstrated prejudice warranting severance, and Counts 8 and 9 will overlap with proof relating to the RICO conspiracy.

### D. Defendant Thompson's Separate Arguments

Thompson argues that the case should be severed for several additional reasons.  First, he asserts that he will be prejudiced by being a defendant in a "megatrial" and that the varying degrees of culpability among the Defendants will be confusing to the jurors.  According to Defendant Thompson, a "megatrial" is a huge, complex trial involving numerous defendants and numerous, and often disparate, alleged crimes.  Thompson maintains that he will be unfairly prejudiced by this megatrial based on the varying degree of culpability among Defendants and that jurors may misuse evidence against him that is admitted against other Defendants.  He argues that "megatrials" have drawn sharp criticism and that many other judges divide their trials into more manageable parts.  With respect to this assertion, Magistrate Judge Wier correctly determined that this case is complicated, but manageable, and does not compare to the "megatrial" examples provided by Thompson.

Thompson also asserts that the Supreme Court in *Zafiro*, 506 U.S. at 539, recognized that severance may be appropriate when many defendants are tried together in a complex case and have markedly different degrees of culpability.  He argues that even a cursory reading of the indictment demonstrates a drastic difference in degrees of relative culpability among the Defendants in this proceeding.  The Magistrate Judge points out that the Superseding Indictment names Thompson in eleven counts and alleges multiple, specific acts

-7-

of illegality from 2002 to 2007. Magistrate Judge Wier correctly determined that the content of the Superseding Indictment counters Thompson's general characterization about relative culpability and cuts against severance.

With respect to Thompson's claim that he will be prejudiced by a "megatrial" because jurors will likely use evidence against him that was admitted against other Defendants, the Magistrate Judge correctly noted that juries follow instructions and proper instructions will assure that Thompson's fate will depend only upon the evidence properly admitted against him. In short, the Magistrate Judge correctly determined that this case is manageable as one trial and none of the arguments advanced by Thompson justify severance.

Finally, Thompson argues that a joint trial will deprive him of his right to present exculpatory testimony of co-Defendants who may decline to take the stand in their own defense. Thompson explains that he would like to have Defendants Adams, Stivers, and Jones testify on his behalf regarding a meeting in 2002. He contends the Government will likely argue that the meeting involved a discussion about a slate of candidates and money being pooled, but the testimony of Defendants Adams, Stivers, and Jones would show that the meeting simply involved a fish fry.

The Sixth Circuit applies a stringent test to determine whether severance is appropriate based on exculpatory testimony. *See Ross v. United States*, 339 F.3d 483, 493 (6th Cir. 2003). A defendant must show: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that a co-defendant will in fact testify if the cases are severed. *See id.* (quoting *United States v. Butler*, 611 F.2d

1066, 1071 (5th Cir. 1980)). Here, the Magistrate Judge correctly found that Thompson has not provided any evidence that Defendants Adams, Stivers, or Jones would testify and waive their Fifth Amendment privilege if the cases were severed. The Magistrate Judge correctly determined that this argument does not justify severance.

### III.

The Magistrate Judge's decision to deny Defendants' motions to exclude all out-of-court statements of co-Defendants or for a severance is neither clearly erroneous nor contrary to law. Instead, the undersigned concludes that the ruling is correct on each and every point. Accordingly, it is hereby

**ORDERED** that Defendants' objections [Record Nos. 516, 518] are **OVERRULED**.

This 25th day of November, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge