UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 09-16-S-DCR |
| V. | ) ) ) | |
| DOUGLAS C. ADAMS, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Douglas Adams' motion to exclude testimony by IRS Special Agent Jeff Sagrecy. [Record No. 616] According to Adams, the United States notified him on December 31, 2009, that IRS Special Agent Jeff Sagrecy would be testifying as an expert witness at trial regarding the manner and means employed by criminal organizations in money laundering. Based on a claim of untimely notice, Adams moves to suppress Sagrecy's testimony, have a hearing on the matter, or continue the trial.

The United States asserts that the *Jencks* Act material, provided on December 18, 2009, included witness statements containing most of the proffered evidence in its memorandum. It admits that it provided notice, on December 30, 2009, that records related to Adams' prior charge of voter fraud were available for review. Regardless, due to a number of reasons, including the recent notice that the United State would be calling Sagrecy as an expert witness, the trial was continued for two weeks to begin on February 2, 2010. Thus, Adams has a sufficient amount of time to properly prepare his defense.

-1-

In addition, Adams' counsel contended at the pretrial conference on January 4, 2010, that Sagrecy's testimony should be suppressed because his testimony "may reference the drug deal notion that [the United States is] going to try to bring in from the 1980's." The United States provided a summary of Sagrecy's intended testimony. The United States intends for Sagrecy to discuss the methods and practices of criminal organizations regarding proceeds derived from unlawful activities such as bribery, extortion, and illegal drug sales and the manner and means employed by criminal organizations in money laundering.

Since the United States does not intend for Sagrecy's testimony to "reference the drug deal notion . . . from the 1980's," the issue is moot. A separate order will address the admissibility of the proffered evidence as background evidence and/or under Rule 404(b). However, Adams has not identified any reason justifying exclusion of IRS Special Agent Jeff Sagrecy's testimony at this time. Accordingly, it is hereby

**ORDERED** that Defendant Adams' motion to exclude testimony by IRS Special Agent Jeff Sagrecy [Record No. 616] is **DENIED**.

This 19th day of January, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge